THE F. D. LAWRENCE ELECTRIC CO. *v.* THE ENTERPRISE LUMBER CO.

(Decided February 25, 1924.)

*Messrs. Peck, Shaffer & Williams* and *Mr. Robert N. Gorman,* for plaintiff in error.
*Mr. Charles C. Benedict,* for defendant in error.

HAMILTON, J.   The action below, in the superior court of Cincinnati, was a damage suit growing out of the collision of a truck of plaintiff with the truck of defendant, at the intersection of Lincoln and Park avenues in the city of Cincinnati.

The plaintiff, the F. D. Lawrence Electric Company, charged negligence on the part of the defendant in approaching the intersection at an un-

reasonable rate of speed, failure to sound warning, and a disregard of the following provision of Ordinance 680-4:

"Every driver of a vehicle approaching the intersection of a street or public road, shall grant the right of way at such intersection to any vehicle approaching from his right."

The defendant denied the allegations of negligence generally, and charged sole negligence on the part of the plaintiff, and, by way of cross-petition, charged negligence in the operation of its truck on the part of the plaintiff, and negligence in the violation of Sections 680-2 and 680-13 of the Ordinances of the City of Cincinnati.

Section 680-2, subsec. 1, provides:

"Every person using any vehicle on any street shall operate, drive, or ride such vehicle on the portion to the right of the center of the street."

Subsection 9 provides:

"Any vehicle turning into another street to the left, shall pass to the right of and beyond the center of the street intersection before turning."

Section 680-13 provides generally for the proper and reasonable operation of vehicles in the city.

The trial resulted in a verdict at the hands of a jury in favor of the defendant on the petition, and in favor of the plaintiff on the cross-petition.

Plaintiff below prosecutes error to this court, urging several specifications of error, but two of which we consider important. The first specification is as follows: The court erred in refusing plaintiff's special request No. 1, and thereafter submitting a question of law to the jury to determine.

Special charge No. 1, requested by plaintiff, and refused, is as follows:

"I charge you that it was the duty of the plaintiff, in crossing Park avenue while traveling east on Lincoln avenue, to keep to the right of the center line of the street. The center line of this intersection would be a line that connects the midpoints of the two terminals on the east and west sides. If the plaintiff kept to the right of this line, then he did not violate the provisions of the ordinances as to the place in which he should cross street intersections."

This charge, requested and refused, goes directly to the question of the interpretation of the ordinance, as to what is meant by the use of the language, "any vehicle turning into another street on the left, shall pass to the right of and beyond the center of the *street intersection* before turning."

The truck of the plaintiff, plaintiff in error here, was going east on Lincoln avenue. The truck of the defendant, defendant in error here, was going south on Park avenue. Lincoln avenue runs east and west, coming into Park avenue, jogs to the north approximately the width of Lincoln avenue, and continues east under the same name. Park avenue is a straight avenue, continuing north and south.

It will be seen from the charge requested and under consideration that plaintiff in error contends that the intersection referred to in the ordinance, having in view the jog in Lincoln avenue, would be a line that connects the midpoints of the two terminals of Lincoln avenue, on the east and west sides of Park avenue, and that, if the plaintiff kept to

the right of this line, he did not violate the provision of the ordinance.

It is apparent that this would mean that plaintiff's truck could cross Park avenue diagonally from the midpoints of the terminals on the east and west side of Park avenue. This question is important in the case, for the reason that the main charge of negligence as against the plaintiff was the violation of the ordinance.

The ordinance in question should be construed in a manner harmonizing it with the traffic provisions of the ordinances of the city, taking into consideration the purpose which the ordinance seeks to accomplish. Primarily the traffic ordinances are all for the protection of the traveling public. The ordinance provides that, in passing along the street, all vehicles should be operated and driven to the right of the center of the street, and on turning into another street, should pass beyond and to the right of the center of the street intersection before turning.

It is clear that the ordinance is to provide against the cutting of corners, and to give vehicles, operating from the left, the half of the street in which to bring their vehicles under such control as to avoid collision.

To construe the ordinance in the way requested in the special charge would defeat the very purpose of the ordinance, as herein outlined, and place an additional burden on a vehicle operating from a cross-direction, for the simple reason that the street terminals on opposite sides of a street are approximately near and the jog short. Construing the ordinance in the light of the purpose sought to be accomplished, to wit, the protection of the traveling

public, and applying it to the instant case, plaintiff's truck coming from the west, on the right-hand side of Lincoln avenue, should have continued beyond the center of Park avenue before turning, so that the driver of defendant's truck, approaching from the left, would have half of the street in which to exert control over his truck. The trial court should have so charged.

The trial court was correct in refusing plaintiff's special charge No. 1 requested.

As will be noted from the latter part of the specification of error, complaint is made that the court submitted a question of law to the jury to determine. The point made is that the trial court submitted the question of the location of the intersection to the jury. It is urged that it was the duty of the court to construe the ordinance, and that it was a question of law under the circumstances of the case. The court in the general charge said to the jury:

"The collision complained of in this case occurred at a street intersection; hence you must determine the center of such street intersection, and whether or not the plaintiff and defendant obeyed the ordinances with respect to the operation of their vehicles. In determining this question, you must, of course, be guided by the purpose of the ordinance, which is to keep a person to the right of the center of the street intersection, so that other parties will have one-half of the street, the other half of the street in which to operate their vehicles."

The court took the view that the location of the intersection was a question of fact, which should be submitted to the jury. The submission, however,

was not prejudicial to the plaintiff under our view of the law as above stated.

One of the specifications of error is directed against the charge of the court with respect to the speed ordinance, and attention is called to the following in the charge:

"The city ordinances also provide: That no owner or operator of any vehicles shall drive, operate, or move, or permit the same to be driven, operated, or moved, upon any street, alley, or parkway of the city of Cincinnati at a speed greater than is reasonable and proper, having regard for the width, traffic, use and the general and usual rules of such road or highway, or so as to endanger the life, limb, or property of any person. A rate of speed greater than 15 miles an hour in the business or closely built-up section of the municipality, or more than 20 miles an hour in other portions thereof, shall be presumptive evidence of a rate of speed greater than is reasonable and proper. That no vehicle shall cross any street or alley, or emerge from or enter into any alley, stable, garage, areaway, or building abutting upon a street, alley, or sidewalk at a speed greater that one-half the legal rate of speed set forth in paragraph 1 of this section. The violation of said ordinance by either of the parties would also be negligence as a matter of law, and the same consequence would flow from such negligence."

It will be noted that this charge includes Section 680-13, subsection 2, of the ordinance, which provides in substance:

"No vehicle shall cross any street or alley * * * at a speed greater than one-half the legal

rate of speed set forth in paragraph (1) of this section."

It is argued that this section of the ordinance is inoperative and in conflict with the provisions of Sections 12603 and 12608, General Code. Paragraph (1) fixes the rate of speed allowable in the operation of motor vehicles in the city, and is within the provisions of Section 12603, as it existed at the time (108 O. L., pt. 1, p. 471).

Section 12608 provides that the provisions of Section 12603 shall not be diminished, restricted or prohibited by an ordinance, rule, or regulation of a municipality or other public authority.

It is idle to argue that the provisions in the ordinance limiting the speed to one-half the rate provided is not diminishing or restricting the provision of Section 12603. Giving the ordinance its true meaning, the speed at street intersections is limited thereby to $7\frac{1}{2}$ miles per hour in the business or closely built-up sections of the municipality, and to not more than 10 miles per hour in other portions thereof. To quote the language is sufficient to show that the provisions of the ordinance is in conflict with the statutes. The ordinance being in conflict with the statutes, it is clear that, if the submission of the ordinance, necessarily inoperative, was prejudicial, the charge is fatal, and will necessitate a reversal.

The court charged the jury that a violation of the ordinance would be negligence as a matter of law. The driver of plaintiff's truck testified that at the time of the accident he was driving at a speed of 12 miles per hour. Defendant's witness estimated the speed at 25 miles per hour. If the jury considered

the charge of the court, that a speed exceeding 10 miles per hour, or, in other words, one-half the speed recited in paragraph (1) of the ordinance, would be negligence as a matter of law, they must necessarily, under the testimony, have found the plaintiff guilty of contributory negligence.

While there are other grounds upon which the jury might have found for the defendant, we cannot say that they did not act upon the charge of the court in question.

The charge was erroneous and prejudicial, and for this error the judgment will be reversed. We find no other error in the record.

*Judgment reversed.*

CUSHING and BUCHWALTER, JJ., concur.